IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 08-187 |
| | ) | |
| | ) | Count One: 18 U.S.C. § 371 |
| v. | ) | (Conspiracy) |
| | ) | |
| | ) | Count Two: 18 U.S.C. § 201 |
| JAMES MOMON, JR. | ) | (Bribery) |
| | ) | |
| Defendant. | ) | Count Three: 18 U.S.C. § 201 |
| | ) | (Bribery) |
| | ) | |

FILED

AUG 1 3 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the United States of America and the Defendant, JAMES MOMON, JR., agree as follows:

**Plea and Maximum Sentence**

1. The Defendant is entering into this Plea Agreement and is pleading guilty freely and voluntarily without promise or benefit of any kind, other than contained herein, and without threats, force, intimidation, or coercion of any kind. The Defendant knowingly, voluntarily, and truthfully admits the facts contained herein as set forth in Paragraph 7 and in the attached Information, which is incorporated herein by reference.

2. The Defendant agrees to plead guilty to a three-count Information charging him with one count of conspiracy in violation of 18 U.S.C. § 371 and two counts of bribery in violation of 18 U.S.C. § 201. The Defendant admits that he is guilty of these crimes, that he is pleading guilty because he is guilty, and that he understands that he will be adjudicated guilty of these offenses.

3. The Defendant understands the nature of the offenses to which he is pleading

guilty and the elements thereof, including the penalties provided by law. The maximum penalties for Count 1 charging him with a violation of 18 U.S.C. § 371 are five (5) years of imprisonment and a fine of $250,000; the maximum penalties for Counts 2 and 3 charging him with a violation of 18 U.S.C. § 201 are 15 years of imprisonment and a fine of $250,000 or not more than three times the monetary equivalent of the thing of value. The Defendant also understands that the Court may impose a term of supervised release to follow any incarceration in accordance with 18 U.S.C. § 3583, and that, in this case, the authorized term of supervised release is at least two years but not more than three years. The Defendant also understands that the Court may order him to pay restitution to the victims and the costs of his incarceration and supervision, and that he will be required to pay a mandatory special assessment of $100 per count of conviction.

4. If the Court accepts the Defendant's pleas of guilty, and the Defendant fulfills each of the terms and conditions of this Plea Agreement, the United States agrees that it will not further prosecute the Defendant for crimes arising from the facts set forth in Paragraph 7, in the Information, or for crimes disclosed to the United States during briefings conducted pursuant to this agreement. This paragraph does not apply to any "crimes of violence," as that term is defined by 18 U.S.C. § 16, or to any offenses which the Defendant failed to disclose fully to the United States. The Defendant also understands that this Plea Agreement affects only criminal charges and shall not be construed, in whole or in any part, as a waiver, settlement, or compromise of any civil or administrative remedies available to any agency or department of the United States or any state or local government.

5. The Defendant agrees that if the Court does not accept his pleas of guilty, this Plea Agreement shall be null and void.

## Advice of Rights

6.      The Defendant, having been advised of his constitutional rights, including his right to a trial by jury, his right to confront and cross-examine witnesses against him, his right to testify if he so chooses and to call witnesses on his behalf, his right to be represented by an attorney at every stage of the proceedings against him, his privilege against self-incrimination, his right to appeal his conviction, if he is found guilty, and his right to appeal the imposition of sentence against him, knowingly and voluntarily waives these rights and privileges and agrees to enter the pleas of guilty as set forth in this Plea Agreement.

## Factual Basis for Offenses Charged

7.      Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a)     For purposes of this Plea Agreement, the relevant period is that period from at least on or about September 21, 2005, until at least on or about November 14, 2007. From on or about September 21, 2005, until on or about August 10, 2006, the Defendant was a Major with the United States Army deployed to Camp Arifjan, Kuwait, as a Contracting Officer. As an Army officer, the Defendant was a public official within the meaning of 18 U.S.C. § 201(a)(1).

(b)     As a Contracting Officer, the Defendant worked on contracts and numerous BPAs, which are indefinite delivery, indefinite quantity procurement vehicles by which DOD agrees to pay a contractor a specified price for a particular good or service. The BPA then allows the DOD to order that good or service in whatever quantity, and the contractor is bound by the price agreed upon in the BPA. Requests made under a BPA are referred to as "calls." DOD used BPAs to purchase, among other

things, bottled water destined for soldiers serving in Kuwait and Iraq and waste water removal service from Camp Arifjan and other United States military bases in Kuwait. While the Defendant was deployed to Kuwait, he made numerous calls on BPAs held by co-conspirator contractors, obligating DOD to pay millions of dollars for goods and services delivered under those calls.

(c) Co-conspirator Contractors One, Two, Three, Four, and Five each operate businesses in Kuwait that contract with DOD. During the relevant period, Co-conspirator Contractors One, Three, Four, and Five each held BPAs for the supply of bottled water. During the relevant period, Co-conspirator Contractor Two held a BPA for, among other things, the removal of waste water from Camp Arifjan and other United States military bases in Kuwait.

(d) During the relevant period, the Defendant conspired with others known and unknown to, directly and indirectly, corruptly seek, receive, accept, and agree to receive and accept money and other things of value in return for being influenced in the performance of official acts. Beginning at least on or around September 21, 2005, and continuing until at least on or around November 14, 2007, the Defendant sought, received, accepted, and agreed to receive and accept cash payments and other things of value from the Co-conspirator Contractors in return for his official acts awarding BPA calls and contracts to those Co-conspirator Contractors. The unlawful scheme was executed through overt acts taken by the Defendant and his co-conspirators.

(e) During the relevant period, the Defendant, as a public official, directly and indirectly corruptly sought, received, accepted, and agreed to receive and accept things of value in return for being influenced in the performance of official acts. In return for his

official acts awarding bottled water BPA calls to Co-conspirator Contractor One's companies, the Defendant sought, received, accepted, and agreed to receive and accept approximately $200,000 cash from Co-conspirator Contractor One.

(f) During the relevant period, the Defendant, as a public official, directly and indirectly corruptly sought, received, accepted, and agreed to receive and accept things of value in return for being influenced in the performance of official acts. In return for his official acts awarding bottled water BPA calls to Co-conspirator Contractor Four's company, the Defendant sought, received, accepted, and agreed to receive and accept approximately $800,000 cash from Co-conspirator Contractor Four.

(g) During the relevant period, the Defendant, as a public official with DOD, accepted more than one bribe from Co-conspirator Contractors in return for being influenced in the performance of official acts. During the relevant period, the Defendant in fact received and accepted approximately $1.6 million.

**Sentencing Guidelines and Sentencing Factors**

8. The parties agree that the Defendant's sentencing is governed by the November 2007 United States Sentencing Guidelines, and that the controlling Guideline applicable to the offenses to which the Defendant is pleading guilty is U.S.S.G. § 2C1.1. The parties agree that Counts 1, 2 and 3 group pursuant to U.S.S.G. § 3D1.2. The parties agree to recommend the following Guideline calculations:

>2C1.1(a)(1) Base Offense Level ................................... 14
>
>2C1.1(b)(1) Offense Involved More than One Bribe ...................... 2
>
>2C1.1(b)(2) & 2B1.1(b)(1)(H) Value of Payment More than
>
>>$1,000,000 and less than $2,500,000 ........................... 16

TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

9. In the event the United States learns of information between the date of this Plea Agreement and the date of sentencing that, together with the information currently in the possession of the United States, persuades the United States that such an adjustment would be appropriate, the United States reserves the right to argue for the application of a 2-level adjustment under U.S.S.G. § 3C1.1, Obstructing and Impeding the Administration of Justice. The Defendant reserves his right to oppose any such adjustment.

10. The Defendant understands that his Criminal History Category will be determined by the Court after the completion of a Pre-Sentence Investigation report by the U.S. Probation Office. Should the Defendant comply fully with his obligations under this Plea Agreement, the United States will, based on information available as of the date of this Plea Agreement and subject to satisfactory debriefings at which the Defendant is entirely truthful and fully accepts responsibility for his criminal conduct and continues to accept responsibility for his criminal conduct up to and including the sentencing date, recommend a downward adjustment of two (2) levels for acceptance of responsibility under U.S.S.G. § 3E1.1, or three (3) levels for acceptance of responsibility under U.S.S.G. § 3E1.1 in the event it is determined that his total offense level is 16 or higher. The United States, however, will not be required to make these recommendations if any of the following occurs: (1) the Defendant fails or refuses to make a full, accurate and complete disclosure to this office or the probation office of the circumstances surrounding the relevant offense conduct and his present financial condition; (2) the Defendant is found to have misrepresented facts to the United States prior to entering this Plea Agreement; (3) the Defendant commits any misconduct after entering into this Plea Agreement, including but not limited to, committing a state or federal offense, violating any term of release, or making false

statements or misrepresentations to any governmental entity or official; or (4) the Defendant fails to comply with any terms of this Plea Agreement. The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0.

11. The Defendant understands and agrees that federal sentencing law requires the Court to impose a sentence which is reasonable and that the Court must consider the advisory U.S. Sentencing Guidelines in effect at the time of the sentencing in determining a reasonable sentence. The Defendant also understands that sentencing is within the discretion of the Court and that the Court is not bound by this Plea Agreement. The Defendant understands that the facts that determine the offense level will be found by the Court at sentencing and that in making those determinations the Court may consider any reliable evidence, including hearsay, as well as provisions or stipulations in this Plea Agreement. Both parties agree to recommend that the Sentencing Guidelines should apply pursuant to *United States v. Booker* and that they, along with the other factors set forth under 18 U.S.C. § 3553, provide a fair and just resolution based upon the facts of this case. The Defendant also states that he has had ample opportunity to discuss, and has in fact discussed, the impact of the sentencing guidelines and the statutory maximum sentence with his attorney and is satisfied with his attorney's advice in this case.

12. The Defendant acknowledges that the Court has not yet determined a sentence and that any estimate of a probable sentencing range under the Guidelines that the Defendant may have received, or may receive in the future, from his counsel, the United States, or the Probation Office is a prediction, not a promise, and it is not binding on the Probation Office or the Court. The United States makes no promise or representation concerning the sentence that the

Defendant will receive. The parties understand that the final determination concerning sentencing rests within the sole discretion of the Court. If the Court imposes a sentence with which the Defendant is not satisfied, he will not be permitted to withdraw any guilty plea for that reason nor will he be permitted to withdraw his plea should the Court decline to follow any recommendations by, or stipulations of, the parties.

**Agreement to Cooperate**

13. The Defendant agrees to provide entirely truthful, complete and accurate information, and he agrees to cooperate fully with the United States. This cooperation shall include, but is not limited to, the following:

(a) The Defendant agrees to be fully debriefed and to attend all meetings, at his own expense, at which his presence is requested, concerning his participation in, and knowledge of, all criminal activities;

(b) The Defendant agrees to withdraw any assertions of privilege and to provide to the United States all documents and other items or material that may be relevant to the investigation and that are in the Defendant's possession, custody or control;

(c) The Defendant agrees to waive any privilege that he may have in connection with interviews of, and testimony by, attorney witnesses with information of, or related to, criminal conduct in which he participated or of which he has knowledge. Such waiver does not extend to counsel who now represents the Defendant, in connection with the defense of this criminal matter;

(d) The Defendant shall not reveal his cooperation, or any information derived

-8-

therefrom, to any person other than his attorney of record in this criminal case without the prior consent of the United States; and

(e) The Defendant agrees to testify truthfully at any proceeding in the District of Columbia or elsewhere as requested by the United States.

14. The United States agrees that, pursuant to U.S.S.G. § 1B1.8, no information provided by the Defendant in debriefings or testimony conducted after the date of, and pursuant to, this plea agreement will be used against him in this case in determining the applicable guideline range for sentencing or as a basis for an upward departure.

15. The Defendant agrees that the United States may meet with and debrief him without the presence of his attorney, unless the Defendant specifically requests his attorney's presence at such debriefings and meetings. Upon request of the Defendant, the United States will endeavor to provide reasonable advance notice to counsel of the date, place, and time of meetings and debriefings, it being understood that the United States's ability to provide such notice may vary according to time constraints and other circumstances. The United States will accommodate reasonable requests to alter the time and place of such debriefings. It is understood, however, that any cancellations or rescheduling of debriefings or meetings requested by the Defendant that hinder the United States's ability to prepare adequately for trials, hearings or other proceedings may adversely affect the Defendant's ability to provide substantial assistance. Matters occurring at any meeting or debriefing may be considered by the United States in its determination of whether the Defendant has provided substantial assistance or otherwise complied with the letter and spirit of this Plea Agreement, and may be considered by the Court in imposing sentence regardless of whether counsel was present at the meeting or debriefing.

-9-

16. The United States agrees to consider the nature and extent of the Defendant's cooperation in determining whether he has provided substantial assistance to law enforcement authorities pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The Defendant acknowledges that the determination of whether he has provided substantial assistance is a decision solely within the discretion of the United States, and the Defendant agrees not to contest that determination. If the United States concludes that the Defendant has provided substantial assistance to law enforcement authorities pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), the United States will file a motion for a downward departure. If such a motion is filed, the United States has the right to make a specific recommendation to the sentencing Court regarding the number of offense levels the Court should depart downward in fashioning an appropriate sentence, and the United States will also advise the Court of the full nature, extent and timing of the Defendant's cooperation.

### No Protection for False Statements or Future Criminal Conduct—Breach of Plea Agreement

17. The Defendant shall at all times give complete, truthful and accurate information and testimony, and he agrees not to commit, or attempt to commit, any further crimes. The Defendant understands that this Plea Agreement does not protect him from prosecution for perjury, should he testify untruthfully at any proceeding, or for making false statements in connection with interviews conducted pursuant to this Plea Agreement or any other statements or testimony on or after the date of this Plea Agreement. If it is determined that he has failed to provide such complete, truthful and accurate information, the Plea Agreement is voidable at the election of the United States and the United States is no longer bound by the loss or restitution stipulations. Nor does this Plea Agreement protect him from prosecution for other crimes or

offenses as to which he does not make full admission and give truthful and complete information. Further, should the Defendant fail to comply with the terms and conditions set forth in this Plea Agreement, the United States may fully prosecute the Defendant on all criminal charges that can be brought against the Defendant. With respect to such a prosecution:

    (a)    The Defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the Defendant's statements pursuant to this Plea Agreement or any leads derived therefrom should be suppressed or are inadmissible;

    (b)    The Defendant waives any right to claim that evidence presented in such prosecution is tainted by virtue of the statements the Defendant has made; and

    (c)    The Defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this Plea Agreement is signed by the parties.

18.    In the event of a dispute as to whether the Defendant has knowingly committed a breach of this Plea Agreement, and if the United States chooses to exercise its rights under the preceding paragraph, and if the Defendant so requests, the matter shall be submitted to the Court and shall be determined by the Court in an appropriate proceeding at which the Defendant's disclosures and documents shall be admissible and at which time the United States shall have the burden to establish the Defendant's breach by a preponderance of the evidence.

**Venue**

19.    The Defendant agrees, for purposes of entering his pleas of guilty, sentencing and

all other appropriate proceedings relevant to the filing of this Plea Agreement, to consent to the jurisdiction of the United States District Court for the District of Columbia. The Defendant expressly waives his right to object to venue in the District of Columbia.

### Waiver of Right to Appeal

20. The Defendant, knowing and understanding the facts set forth herein and in the Information, including the maximum possible penalty that could be imposed, and knowing and understanding his right to appeal his conviction and the sentence imposed as provided in 18 U.S.C. § 3742, hereby expressly waives the right to appeal his conviction or any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, in exchange for the concessions made by the United States in this Plea Agreement. The Defendant also knowingly and voluntarily waives his right to challenge his conviction, the sentence imposed, or the manner in which the sentence was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255. This Plea Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b).

### Right of Allocution

21. The United States reserves the right to allocute as to the nature and seriousness of the offense and to make a recommendation as to sentencing. The attorneys for the United States will inform the Court and the Probation Office of: (1) this Plea Agreement; (2) the nature and extent of the Defendant's activities with respect to this case; and (3) all other information in its possession relevant to sentencing.

### Duplicity Waiver

22. The Defendant agrees to waive any objection or defense he might have based on the United States joining in a single count, as set forth in Counts Two and Three of the Information, multiple distinct and separate offenses of bribery. The Defendant understands that this waiver is knowingly and voluntarily made after fully conferring with, and on the advice of, his counsel.

### Non-binding on Non-parties

23. The Defendant understands that this Plea Agreement binds and limits in any manner only the United States, defined as the United States Department of Justice, Antitrust Division, National Criminal Enforcement Section, and Criminal Division, Public Integrity Section. This Plea Agreement does not bind any United States Attorney's Office, nor does it bind any state or local prosecutor. It also does not bar or compromise any civil or administrative claim pending or that may be made against the Defendant. If requested, however, National Criminal Enforcement Section and the Public Integrity Section will bring this Plea Agreement to the attention of any other prosecuting jurisdiction and ask that jurisdiction to abide by the provisions of this Plea Agreement. The Defendant understands that other prosecuting jurisdictions retain discretion over whether to abide by the provisions of this Plea Agreement.

### Restitution

24. Pursuant to 18 U.S.C. § 3663A, the Defendant understands and agrees that restitution to victims of this offense is mandatory. The parties agree that the victim of this offense is the Department of Defense. The loss to the victim is estimated to be approximately $5.8 million, representing the presently known bribe payments received by and promised to the

Defendant for all contracts and BPA calls fraudulently awarded in Iraq and Kuwait as the result of the conspiracy and bribery offenses charged in Counts One, Two and Three in the Information. The Defendant agrees that his restitution obligation shall be joint and several with any other defendants ultimately convicted in this matter, if any, but that the Court may apportion liability among defendants, pursuant to the procedures set forth in 18 U.S.C. § 3664(h), to reflect the level of contribution to the victims' losses and economic circumstances of each defendant. The parties understand that the Defendant is entitled to argue for offsets based on the amounts paid or agreed to be paid to the victim by potentially responsible parties. The Defendant agrees not to transfer or otherwise encumber his assets except with notice to, and consent of, the undersigned representatives of the United States until such time as this Plea Agreement is filed with the Court, at which point the Defendant must seek leave of Court to transfer or otherwise encumber his assets. The parties agree that the Defendant will not be required to obtain the consent of the United States for property transfers necessary to pay ordinary living expenses and ordinary business expenses and attorneys' fees. The Defendant agrees as part of this Plea Agreement that he will provide to the United States detailed financial information about all income and expenses on a monthly basis and as requested.

### No Additional Agreements

25.   No promises, agreements, or conditions have been entered into other than those expressly set forth in this Plea Agreement, and none shall be entered into or are binding upon the Defendant and the United States unless expressly set forth in writing, signed by all parties and physically attached to this Plea Agreement. This Plea Agreement supersedes any prior promises, agreements or conditions between the United States and the Defendant.

## Acknowledgments

**The Defendant**

I, James Momon, Jr., hereby expressly acknowledge the following: (1) that I have read this entire Plea Agreement; (2) that I have had an opportunity to discuss this Plea Agreement fully and freely with my attorney; (3) that I fully and completely understand each and every one of its terms; (4) that I am fully satisfied with the advice and representation provided to me by my attorney; and (5) that I have signed this Plea Agreement knowingly, freely and voluntarily.

6/12/08
DATE

_____
James Momon, Jr.

**Counsel for the Defendant**

I, J. Burkhardt Beale, Esq., attorney for James Momon, Jr., hereby expressly acknowledge the following: (1) that I have discussed this Plea Agreement with my client; (2) that I have fully explained each one of its terms to my client; (3) that I have fully answered each and every question put to me by my client regarding the Plea Agreement; and (4) in my opinion, my client completely understands the letter and spirit of all of the Plea Agreement's terms.

6/12/08
DATE

_____
J. Burkhardt Beale, Esq.

ON BEHALF OF THE UNITED STATES,

LISA M. PHELAN, Chief
National Criminal Enforcement Section
Antitrust Division

By: /s/
EMILY W. ALLEN
MARK W. PLETCHER
FINNUALA KELLEHER
Trial Attorneys
United States Department of Justice
Antitrust Division
National Criminal Enforcement Section
450 5th Street NW, Suite 11300
Washington, DC 20005
(202) 307-0946
emily.allen@usdoj.gov
mark.pletcher@usdoj.gov
finnuala.kelleher@usdoj.gov

WILLIAM M. WELCH II, Chief
Public Integrity Section
Criminal Division

By: /s/ Peter C. Sprung
PETER C. SPRUNG
ANNALOU TIROL

Trial Attorneys
United States Department of Justice
Criminal Division
Public Integrity Section
1400 New York Ave., NW, 12th Floor
Washington, DC 20005
(202) 514-1412
peter.sprung@usdoj.gov
annalou.tirol@usdoj.gov